## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| COLLEEN WITMER, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ |
| v. | ) ) JURY TRIAL DEMANDED ) |
| LOXO ONCOLOGY, INC., JOSHUA H. BILENKER, STEVE ELMS, KEITH T. FLAHERTY, AVI Z. NAIDER, LORI A. KUNKEL, ALAN FUHRMAN, TIM MAAYLEBEN, STEVE D. HARR, ELI LILLY AND COMPANY, and BOWFIN ACQUISITION CORPORATION, | ) CLASS ACTION ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on January 7, 2019 (the "Proposed Transaction"), pursuant to which Loxo Oncology, Inc. ("Loxo" or the "Company") will be acquired by Eli Lilly and Company ("Parent") and Bowfin Acquisition Corporation ("Merger Sub," and together with Parent, "Eli Lilly").

2. On January 5, 2019, Loxo's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Eli Lilly. Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to acquire all of Loxo's outstanding common stock

for $235.00 per share in cash.  The Tender Offer is set to expire on February 14, 2019.

3. On January 17, 2019, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Loxo common stock.

9. Defendant Loxo is a Delaware corporation and maintains its principal executive offices at 281 Tresser Blvd., 9th Floor, Stamford, Connecticut 06901.  Loxo's common stock is

traded on the NasdaqGM under the ticker symbol "LOXO."  Loxo is a party to the Merger Agreement.

10.     Defendant Joshua H. Bilenker is Chief Executive Officer and a director of the Company.

11.     Defendant Steve Elms is Chairman of the Board of the Company.

12.     Defendant Keith T. Flaherty is a director of the Company.

13.     Defendant Avi Z. Naider is a director of the Company.

14.     Defendant Lori A. Kunkel is a director of the Company.

15.     Defendant Alan Fuhrman is a director of the Company.

16.     Defendant Tim Mayleben is a director of the Company.

17.     Defendant Steve D. Harr is a director of the Company.

18.     The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19.     Defendant Parent is an Indiana corporation and a party to the Merger Agreement.

20.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action as a class action on behalf of herself and the other public stockholders of Loxo (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22.     This action is properly maintainable as a class action.

23.     The Class is so numerous that joinder of all members is impracticable.  As of January 4, 2019, there were approximately 30,754,634 shares of Loxo common stock outstanding,

held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

28. Loxo is a biopharmaceutical company focused on the development and commercialization of highly selective medicines for patients with genomically defined cancers.

29. The Company's pipeline focuses on cancers that are uniquely dependent on single gene abnormalities, such that a single drug has the potential to treat the cancer with dramatic effect.

4

30. LOXO-292 is an oral and selective investigational new drug in clinical development for the treatment of patients with cancers that harbor abnormalities in the rearranged during transfection ("RET") kinase. RET fusions and mutations occur across multiple tumor types with varying frequency. LOXO-292 was designed to inhibit native RET signaling as well as anticipated acquired resistance mechanisms that could otherwise limit the activity of this therapeutic approach. LOXO-292 has been granted Breakthrough Therapy Designation by the U.S. Food and Drug Administration ("FDA") for three indications, and could launch as early as 2020.

31. LOXO-305 is an investigational, highly selective non-covalent Bruton's tyrosine kinase ("BTK") inhibitor. BTK plays a key role in the B-cell antigen receptor signaling pathway, which is required for the development, activation, and survival of normal white blood cells, known as B-cells, and malignant B-cells. BTK is a validated molecular target found across numerous B-cell leukemias and lymphomas including chronic lymphocytic leukemia, Waldenstrom's macroglobulinemia, mantle cell lymphoma, and marginal zone lymphoma.

32. Vitrakvi® (larotrectinib) is an oral TRK inhibitor for the treatment of adult and pediatric patients with solid tumors with a neurotrophic receptor tyrosine kinase ("NTRK") gene fusion without a known acquired resistance mutation that are either metastatic or where surgical resection will likely result in severe morbidity, and have no satisfactory alternative treatments or have progressed following treatment. This indication is approved under accelerated approval based on overall response rate and duration of response.

33. LOXO-195 is a selective TRK inhibitor that is being investigated to address potential mechanisms of acquired resistance that may emerge in patients receiving Vitrakvi® (larotrectinib) or other multikinase inhibitors with anti-TRK activity.

34. On January 5, 2019, Loxo's Board caused the Company to enter into the Merger Agreement with Eli Lilly.

35. Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of Loxo's outstanding common stock for $235.00 per share in cash.

36. According to the press release announcing the Proposed Transaction:

Eli Lilly and Company (NYSE: LLY) and Loxo Oncology, Inc. (NASDAQ: LOXO) today announced a definitive agreement for Lilly to acquire Loxo Oncology for $235.00 per share in cash, or approximately $8.0 billion. Loxo Oncology is a biopharmaceutical company focused on the development and commercialization of highly selective medicines for patients with genomically defined cancers.

The acquisition would be the largest and latest in a series of transactions Lilly has conducted to broaden its cancer treatment efforts with externally sourced opportunities for first-in-class and best-in-class therapies. Loxo Oncology is developing a pipeline of targeted medicines focused on cancers that are uniquely dependent on single gene abnormalities that can be detected by genomic testing. For patients with cancers that harbor these genomic alterations, a targeted medicine could have the potential to treat the cancer with dramatic effect.

Loxo Oncology has a promising portfolio of approved and investigational medicines, including:

•LOXO-292, a first-in-class oral RET inhibitor that has been granted Breakthrough Therapy designation by the FDA for three indications, with an initial potential launch in 2020. LOXO-292 targets cancers with alterations to the rearranged during transfection (RET) kinase. RET fusions and mutations occur across multiple tumor types, including certain lung and thyroid cancers as well as a subset of other cancers.

•LOXO-305, an oral BTK inhibitor currently in Phase 1/2. LOXO-305 targets cancers with alterations to the Bruton's tyrosine kinase (BTK), and is designed to address acquired resistance to currently available BTK inhibitors. BTK is a validated molecular target found across numerous B-cell leukemias and lymphomas.

•Vitrakvi, a first-in-class oral TRK inhibitor developed and commercialized in collaboration with Bayer that was recently approved by the U.S. Food and Drug Administration (FDA). Vitrakvi is the first treatment that targets a specific genetic abnormality to receive a tumor-agnostic indication at the time of initial FDA approval.

6

- LOXO-195, a follow-on TRK inhibitor also being studied by Loxo Oncology and Bayer for acquired resistance to TRK inhibition, with a potential launch in 2022.
. . .

Under the terms of the agreement, Lilly will commence a tender offer to acquire all outstanding shares of Loxo Oncology for a purchase price of $235.00 per share in cash, or approximately $8.0 billion. The transaction is not subject to any financing condition and is expected to close by the end of the first quarter of 2019, subject to customary closing conditions, including receipt of required regulatory approvals and the tender of a majority of the outstanding shares of Loxo Oncology's common stock. Following the successful closing of the tender offer, Lilly will acquire any shares of Loxo Oncology that are not tendered into the tender offer through a second-step merger at the tender offer price.

The tender offer represents a premium of approximately 68 percent to Loxo Oncology's closing stock price on January 4, 2019, the last trading day before the announcement of the transaction. Loxo Oncology's board recommends that Loxo Oncology's shareholders tender their shares in the tender offer. Additionally, a Loxo Oncology shareholder, beneficially owning approximately 6.6 percent of Loxo Oncology's outstanding common stock, has agreed to tender its shares in the tender offer.

This transaction will be reflected in Lilly's financial results and financial guidance according to Generally Accepted Accounting Principles (GAAP). Lilly will provide an update to its 2019 financial guidance, including the expected impact from the acquisition of Loxo Oncology, as part of its fourth-quarter and full-year 2018 financial results announcement on February 13, 2019.

### *The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

37. Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

38. As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

39. The Solicitation Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Goldman Sachs & Co. LLC ("Goldman").

40. With respect to the Company's financial projections, the Solicitation Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

41. With respect to Goldman's Illustrative Sum-of-the-Parts Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 10.0% to 11.0% and the perpetuity growth rate of 4%; (ii) unlevered free cash flows for each product candidate, including Vitrakvi, LOXO-195, LOXO-292, and LOXO-305, and all underlying line items; (iii) free cash flows to be generated from Loxo's discovery platform for the period from January 1, 2028 to December 31, 2042; (iv) the estimates of corporate costs that were not allocated to specific product candidates or Loxo's discovery platform; (v) Loxo's estimated net operating losses ("NOLs"); (vi) the range of illustrative equity values for each product candidate, Loxo's discovery platform, and Loxo's future NOLs; (vii) the range of negative illustrative present values for Loxo's corporate costs; and (viii) the number of fully diluted Company shares outstanding and the number of shares to be issued in the anticipated equity issuances.

42. With respect to Goldman's Illustrative Discounted Cash Flow Analyses, the Solicitation Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 10.0% to 11.0% and the perpetuity growth rates ranging from 3.5% to 4.5%; (ii) the unlevered free cash flows used by Goldman in the analyses and all underlying line items; (iii) the range of illustrative terminal values for Loxo; and (iv) the number of fully diluted Company shares outstanding and the number of shares to be issued in the anticipated equity issuances.

43. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

44. The Solicitation Statement also omits material information regarding potential conflicts of interest of Goldman.

45. The Solicitation Statement fails to disclose whether Goldman has performed past services for the Company or its affiliates, as well as the timing and nature of such services and the amount of compensation Goldman received for such services.

46. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

47. The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

48. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

**COUNT I**

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

9

50. Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

51. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

52. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

53. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

54. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

55. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

56. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

57. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

58. Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

59. Plaintiff and the Class have no adequate remedy at law.

## **COUNT II**

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

60. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

62. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

63. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

64. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

65. The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

66. Plaintiff and the Class have no adequate remedy at law.

## COUNT III

### (Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and Eli Lilly)

67. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

68. The Individual Defendants and Eli Lilly acted as controlling persons of Loxo within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of Loxo and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

69. Each of the Individual Defendants and Eli Lilly was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

70. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous

12

recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

71. Eli Lilly also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

72. By virtue of the foregoing, the Individual Defendants and Eli Lilly violated Section 20(a) of the 1934 Act.

73. As set forth above, the Individual Defendants and Eli Lilly had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

74. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

75. Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A.  Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or

necessary to make the statements contained therein not misleading;

      D.    Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

      E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

      F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: January 24, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
     Brian D. Long (#4347)
     Gina M. Serra (#5387)
     300 Delaware Avenue, Suite 1220
     Wilmington, DE 19801
     Telephone: (302) 295-5310
     Facsimile: (302) 654-7530
     Email: bdl@rl-legal.com
     Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*